UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80167-CR-RYSKAMP

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

**TIMOTHY C. McKEAGE,**

        Defendant.
_____/

## DEFENDANT'S RESPONSE AND WRITTEN OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Prepared for:        The Honorable Kenneth Ryskamp
                          United States District Judge

Prepared by:         Robert R. Coulombe, Jr., Esq.
                          Biscayne Building, Suite 920
                          19 West Flagler Street
                          Miami, Florida 33130

Assistant U.S. Attorney:    Anita J. Gay, Esq.
                          United States Attorney's Office
                          Southern District of Florida
                          99 N.E. 4th Street
                          Miami, Florida 33132

Probation Officer:        Officer Sheila Parsons
                          U.S. Probations Officer
                          501 S. Flagler Drive, Suite 400
                          West Palm Beach, Florida 33401-5912

        To the Honorable Judge Kenneth Ryskamp, Comes Now, **TIMOTHY C. McKEAGE** the Defendant herein by and through his attorney of record, and urges the following Response and Objections to the Presentence Investigation Report.

A.   **U.S.S.G. §2B1.1(b)(1)(E) - Specific Offense Characteristics**

**Page 4, Paragraph 5**

Presentence investigation initially indicated that the loss amount attributable to the defendant was between $120,000 and $200,000. Further investigation by the Probation Officer, Sheila Parsons, has revealed that the actual loss is $103,845. That amount is owed solely to the one victim, the Lexis/Nexis Company, owner of the Accurint Database. This amount is based upon a series of discussions with Thomas Regan, the Executive Director for Privacy & Regulatory Affairs at Lexis/Nexis.

Because the amount has now been determined to be $103,845, the base offense level should only be increased by eight (8) levels pursuant to U.S.S.G. §2B1.1(b)(1)(E). The defendant is in agreement with the recommendation of the Presentence Investigation Report (PSIR) contained on Page 10, Paragraph 41.

B.   **U.S.S.G. §2B1.1 (b)(2)(C) - Specific Offense Characteristics**

**Page 6, Paragraph 22**
**Page 7, Paragraph 27**
**Page 9, Paragraph 34 and 35**
**Page 10, Paragraph 42**

The probation officer asserts that the offense involved 250 or more victims and thus recommends a six level enhancement pursuant to U.S.S.G. §2B1.1(b)(2)(C). The Defendant vigorously objects to this assertion on the following grounds:

1.) The Plea Agreement between the United States of America and Timothy McKeage specifically sets forth that the offense involved one victim for the purposes of this section of the sentencing guidelines. The United States Attorney's Office stands by their agreement and continues to maintain that this offense only involves one victim.

The sole victim is the Lexis/Nexis Company, owner of the Accurint database.

2.) This assertion is contrary to the Guidelines, the Guidelines Application Notes as well as applicable caselaw. The Guidelines Application Notes define a "victim" as "any person who sustained any part of the actual loss determined under subsection (b)(1);" U.S.S.G. §2B1.1 cmt. n. 1. The Notes further define "actual loss" as reasonably foreseeable pecuniary harm that resulted from the offense." §2B1.1 cmt. n. 3(A)(i). The definition of "pecuniary harm" is a "harm that is monetary or that otherwise is readily measurable in money. Accordingly, pecuniary harm does not include emotional distress, harm to reputation, or other non-economic harm" §2B1.1 cmt. n. 3(A)(iii).

The PSIR itself notes that the only entity which suffered a loss was Lexis/Nexis in the amount of $103,845. No other entity or individual suffered any monetary loss. Indeed the PSIR notes that the 16,674 consumers did not report any loss attributable to this fraud which was further confirmed by Lexis/Nexis. Moreover, the company assumed any charges for fraudulent searches conducted through the Port Orange Police Department Accurint account.

Because there is no other documented "actual loss" within the definition of the Guidelines applicable to any other individual or entity, the only "victim" of the offense is Lexis/Nexis. The evidence simply does not support any other assertion. In *United States. v. Mohammed*, 315 F. Supp. 2d 354, (S.D.N.Y.2003) the court specifically addressed the issue of actual loss and multiple victims. In that case, credit information had been stolen from hundreds of individuals, however those individuals did not suffer actual loss within the definition of the Guidelines. In a

footnote, the court noted that the Guidelines used the concept of actual loss to identify victims. The court found that "the multiple victim enhancement will not apply, even if scores of individual accounts are accessed, so long as the economic loss ultimately falls on the single institutional credit issuer." *United States v. Mohammed*, 315 F. Supp. 2d 354, 362 fn6 (S.D.N.Y.2003).

This analysis is directly applicable to the instant case. The evidence shows that the actual loss falls only on one victim, the Lexis/Nexis Company. The loss incurred by the company resulted from the cost of mailing notices to consumers affected by the unauthorized access. (PSIR, Page 9, Para 32.) As a result of that mailing, no consumers reported any losses even after being notified. The loss, here as in *United States v. Mohammed*, was borne by a single entity.

Because there is only one victim, the Defendant should receive no increase in the offense level.

C. **U.S.S.G. §3B1.1 (a) – Role in the Offense**

**Page 7, Paragraph 27**
**Page 11, Paragraph 44**

In paragraph forty-four (44) of the PSIR, the probation officer recommends an increase of four (4) levels pursuant to §3B1.1 (a). This again contradicts the Plea Agreement entered into by the United States of America and Timothy McKeage, wherein it was agreed that the Defendant should receive a two (2) level increase pursuant to §3B1.1. The Defendant created additional user names and passwords for three other Co-Defendants. Using the user names and passwords, each of those Co-Defendants acted individually to access the Accurint Database and fraudulently obtain information. The selection of those individuals was completely within the

discretion of each of the Co-Defendants. Timothy McKeage neither requested nor demanded that the information of a specific person be accessed for his use. The defendant did not control or otherwise exercise any authority over the other three Co-Defendants, Jason Hawks, Zachary Mann, and Jeffrey Weinberg. He had no contact with and did not provide a username or password for Justin Perras.

The defendant is responsible for organizing criminal activity with only three other participants for a total of four. Thus his conduct does not rise to the level of §3B1.1(a). His conduct thus falls within §3B1.1(c) requiring only a two (2) level increase.

As indicated above the defendant did not exercise any degree of control over the three other Co-Defendants. The Guideline Application Notes provides insight and context into determining the nature of the conduct in this offense. The court should consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree in participation in planning or organizing the offense, the nature and scope of the illegal activity and the degree of control and authority exercised over others." §3B1.1 cmt. n. 4.

While the defendant accepts his aggravating role for a two level enhancement only, his actual conduct fails to meet the factors that the court should consider as highlighted in the Application Notes. In the instance case, there was no pecuniary gain and thus the Defendant did not claim a larger share of the fruits of the crime. There was little or no planning or organizing of the offense between the Co-Defendants. The only control that the Defendant exercised was to prevent further access to the Accurint Database when he realized that too many fraudulent searches were being conducted. The factors outlined in the notes give real perspective to the actual role of the defendant.

D.  **U.S.S.G. §3E1.1 (a) – Acceptance of Responsibility**

The Defendant has clearly demonstrated acceptance of responsibility for his offense and thus the offense level should be decreased by two (2) levels.

E.  **U.S.S.G. §3E1.1 (b) – Acceptance of Responsibility**

Because the offense level is sixteen (16), before application of adjustments, the Defendant is entitled to an additional one (1) level decrease pursuant to §3E1.1 (b). The Defendant timely notified U.S. Attorney, Anita Gay, of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Indeed, the Government and this Defendant entered into a substantial assistance agreement in which the Defendant agreed to give a full and comprehensive statement concerning the computer fraud allegations as early as July 10, 2006. The Defendant is thus entitled to an additional one (1) level decrease.

The Defendant's total offense level is thirteen (13).

                                                                _____
                                                                **ROBERT R. COULOMBE, JR.**
                                                                Suite 920, Biscayne Building
                                                                19 West Flagler Street
                                                                Miami, Florida  33130
                                                                Telephone: (305) 373-3322
                                                                Facsimile:  (305) 373-0017
                                                                Florida Bar No.: 882770

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was dispatched on November 22, 2006, to **ANITA J. GAY**, Assistant United States Attorney, 301 North Miami

Avenue, Suite 205, Miami, Florida 33128 and **SHEILA PARSONS**, U.S. Probation Officer, 501 South Flagler Drive, Suite 400, West Palm Beach, Florida 33401.

          **CLARK ROBB MASON**
          **COULOMBE BUSCHMAN & CECERE**
          Suite 920, Biscayne Building
          19 West Flagler Street
          Miami, Florida 33130
          Telephone: (305) 373-3322
          Facsimile:  (305) 373-0017
          Florida Bar No.: 882770

By:_____
        **Robert R. Coulombe, Jr., Esquire**
        Attorney for McKeage